IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DIAZ AVIATION CORPORATION D/B/A
BORINQUEN AIR; SIXTO DIAZ-
SALDAÑA,

    Plaintiffs,

        v.

PUERTO RICO PORTS AUTHORITY;
FERNANDO BONILLA; FEDERICO
SOSA ROMAN; AIRPORT AVIATION
SERVICES, INC.; EDWIN SANTANA DE
LA ROSA; JOSE ALGARIN; RAFAEL
MATOS,

    Defendants.

CIVIL NO. 09-1583 (ADC-CVR)

**OPINION AND ORDER**

**INTRODUCTION**

On June 26, 2009, plaintiffs filed this action against defendants claiming jurisdiction of this Court under Title 28, United States Code, Section 1331 (the Federal Question Statute), Title 28, United States Code, Section 1367 (the Supplemental Jurisdiction Statute), Title 28, United States Code, Section 1443 (the Civil Rights Statute) and Title 15, United States Code, Section 1 et seq (the Sherman Act). In essence, plaintiffs claim defendants have interfered on various occasions with plaintiffs' business operations at the Luis Muñoz Marín International Airport ("LMMIA") by approaching commanders of military flights and offering fuel to them. Plaintiffs also aver the Puerto Rico Ports Authority has discriminated against them in denying them

Diaz Aviation Corporation d/b/a Borinquen Air; Sixto Diaz-Saldaña v. PR Ports Authority; Fernando Bonilla; Federico Sosa Roman; Airport Aviation Services, Inc.; Edwin Santana De La Rosa; Jose Algarin; Rafael Matos
Civil No. 09-1583 (ADC-CVR)
Opinion and Order
Page 2

access to the facilities at the LMMIA and inhibiting their business in favor of Empresas Santana. Plaintiff Sixto Díaz-Saldaña claims this situation has caused him damages and health problems which have resulted in his loss of his pilot license. In sum, plaintiffs claim defendants have interfered with interstate commerce, have conspired against them, have restricted trade and violated their civil rights. (Docket No. 1).

On October 5, 2009, plaintiffs filed an "Emergency Request for Injunctive Relief" seeking an order from the Court enjoining defendants from interfering with their operations and not to approach the airplanes being serviced by plaintiffs. The request was filed with several affidavits and an solicitation contract order in support thereof. (Docket No. 25).

On October 24, 2009, plaintiff filed an "Emergency for Temporary Restraining Order" requesting the Court to order defendants to immediately replace the decals removed and allow plaintiffs to peacefully continue with their business. (Docket No. 60)

Defendants have answered the complaint, have opposed the request for preliminary injunction, opposed the request for the TRO and have filed several motions to dismiss mainly on jurisdictional grounds. (Docket Nos. 17, 18, 32, 47, 52, 60 and 61).

This matter came initially before this United States Magistrate Judge upon the Court's referral on October 5, 2009 for an evidentiary hearing and report and recommendation regarding the issuance of a preliminary injunction. (Docket Nos. 27 and 28). On October 26, 2009, the TRO was verbally referred by the presiding District Judge. (Docket No. 51).

Diaz Aviation Corporation d/b/a Borinquen Air; Sixto Diaz-Saldaña v. PR Ports Authority; Fernando Bonilla; Federico Sosa Roman; Airport Aviation Services, Inc.; Edwin Santana De La Rosa; Jose Algarin; Rafael Matos
Civil No. 09-1583 (ADC-CVR)
Opinion and Order
Page 3

On October 27, 2009, plaintiffs consented to jurisdiction by this Magistrate Judge for all further proceedings. (Docket No. 53). On October 29, 2009, defendants consented to jurisdiction by this Magistrate Judge for all further proceedings. (Docket Nos. 62 and 64). On November 2, 2009, the presiding District Judge approved the consent. (Docket No. 71 ).

On October 28, 2009, the evidentiary hearing on the preliminary injunction was held. Plaintiffs presented the testimonies of Ernesto Ayala (employee of Borinquen Air), Alfredo Rodríguez-Batista (employee of Borinquen Air), and Rodrigo Díaz-Muñoz (Vice President of Borinquen Air, Díaz Aviation Group and Amber Service). No documentary evidence was introduced in support of plaintiffs' request. Plaintiff Sixto Díaz-Saldaña acted as counsel for plaintiffs along with counsel José Guillermo Pérez-Ortiz who filed his notice of appearance at the hearing.[1]

Defendants presented at the end of plaintiffs' case a motion for non-suit claiming this Court lacks jurisdiction to entertain this case and plaintiffs failed to establish the necessary requirements for the granting of a TRO and a preliminary injunction. (Docket No. 69)

On November 2, 2009, the request for a temporary restraining order was denied. (Docket No. 72).

---

[1]. Counsel Díaz-Saldaña's actions as an attorney of record in this case, in which he is a plaintiff and the sole stockholder of Diáz Aviation Service, have been the object of two (2) motions for disqualification. (Docket Nos. 56 and 59).

Diaz Aviation Corporation d/b/a Borinquen Air; Sixto Diaz-Saldaña v. PR Ports Authority; Fernando Bonilla; Federico Sosa Roman; Airport Aviation Services, Inc.; Edwin Santana De La Rosa; Jose Algarin; Rafael Matos
Civil No. 09-1583 (ADC-CVR)
Opinion and Order
Page 4

In consideration of the above and the testimonies presented, this United States Magistrate Judge enters this Opinion and Order DENYING plaintiffs' request for preliminary injunctive relief. As explained herein below, plaintiffs have totally failed to establish by a preponderance of the evidence the requisites to grant same.

## LEGAL DISCUSSION

A court presented with a request for preliminary injunction must normally assess the following four factors: (1) whether a plaintiff will suffer irreparable injury if the injunction is not granted; (2) whether such injury outweighs any harm which granting injunctive relief would inflict on a defendant; (3) whether a plaintiff has demonstrated a likelihood of success on the merits; and (4) whether the public interest will not be adversely affected by the grant of an injunction. *See generally* Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991); Caroline T. v. Hudson School Dist., 915 F.2d 752, 754-755 (1st Cir. 1990); K-Mart Corp. v. Oriental Plaza, Inc., 875 F.2d 907, 914-915 (1st Cir. 1989).

### a. Likelihood of Success on the Merits.

"The *sine qua non* of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." Boston Duck Tours, L.P. v. Super Duck Tours LLP, 531 F.3d 11 (1st Cir. 2008); New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002) (*citing* Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993)).

One of the factors which this court must consider in evaluating plaintiff's request for injunctive relief is its interests. Cobos Liccia v. Dejean Packing Co., 124 D.P.R. 896 (1989); Picker, Inc. v. Kodak, 826 F.Supp. 610, 614 (D.P.R. 1993).

The testimonies of plaintiffs' witnesses at the preliminary injunction hearing established that on October 3, 2009 an unidentified employee of one of the defendants (presumably of Airport Aviation Services or the PRPA) gave some unidentified documents to the captain of a military plane which had just landed and the captain of the aircraft asked plaintiffs to fuel the aircraft and plaintiffs complied. This situation in which employees of defendants approach military aircrafts has happened several times in the past three (3) or four (4) months. The other situation was that on October 24 or 26, 2009, an employee of the PRPA removed some decals of plaintiffs' trucks depriving them of access to the airport ramp to sell fuel to their clients. The trucks are now parked in the parking area of the hangar and cannot service plaintiffs' clients.

Assuming plaintiffs overcome the jurisdictional hurdle[2], plaintiffs have totally failed to establish they have a contract to provide plane fuel services to military aircrafts at the LMMIA. Moreover, no evidence whatsoever was presented by plaintiffs to support their claims that defendants' actions have interfered with interstate commerce, that defendants have conspired against them, have restricted trade and violated their civil rights. Thus, the evidence presented at the hearing squarely falls short of establishing by a preponderance of the evidence that plaintiffs will prevail on the merits.

---

[2] The jurisdictional issue has been raised by defendants in several motions to dismiss which will be object of a separate Opinion and Order.

Diaz Aviation Corporation d/b/a Borinquen Air; Sixto Diaz-Saldaña v. PR Ports Authority; Fernando Bonilla; Federico Sosa Roman; Airport Aviation Services, Inc.; Edwin Santana De La Rosa; Jose Algarin; Rafael Matos
Civil No. 09-1583 (ADC-CVR)
Opinion and Order
Page 6

### b. Irreparable Harm.

It has been held that "irreparable harm constitutes a necessary threshold showing for an award of preliminary injunctive relief." Charlesbank Equity Fund II Ltd. v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004) (*citing* Matos v. Clinton Sch. Dist., 367 F.3d 68, 73 (1st Cir. 2004)). The burden is on the movant to demonstrate that the denial of preliminary injunctive relief is likely to cause irreparable harm and such showing must be "grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store." ESSO, 327 F.Supp.2d at 130-131.

Mr. Diego Díaz-Muñoz testified that defendants' actions have deprived plaintiffs from servicing their clients, thus, the clients do not pay and plaintiffs generate no income and they will go broke.

Assuming the above constitutes "injury", it can be repaired by means other than an injunction. An injunction --of any kind–– should not be issued in this case because of the simple fact that plaintiffs have available alternative legal remedies to redress their legal grievance and have failed to show that any "urgent" or immediate equitable relief should issue at this juncture of the case. Moore's Federal Practice 3D § 65.36 [3]. Picker, Int'l, 826 F. Supp. at 611. The alleged injuries, which involve loss of income, may be compensated with a monetary award. This fact alone precludes granting of the injunctive relief. Freightliner, L.L.C. v. Puerto Rico Truck Sales, Inc., 399 F.Supp.2d 57, 77 (D. Puerto Rico 2005); Puerto Rico Conservation Foundation v. Larson, 797 F. Supp. 1066, 1069 (D. Puerto Rico 1992); Luis Rosario, Inc. v. Amana Refrigeration, Inc., 733 F.

2d 174 (1st Cir. 1984). Loss of income, without more, does not establish irreparable harm. Freightliner, 399 F.Supp.2d at 77.

Thus, plaintiffs have failed to show irreparable harm.

### c. Balance of the Equities, whether Injury Outweighs Any Harm the Granting of Injunctive Relief Would Cause to Defendant.

The balancing of the relevant equities (hardship to the movant if injunctive relief is not granted weighed against hardship to the non-movant if injunctive relief is granted) militates against plaintiffs' position now claiming irreparable injury.

Plaintiffs' attempt to obtain injunctive relief at this time lacks competent evidence concerning its allegations of interference with interstate commerce, conspiracy against them, restriction of trade, and violation of their civil rights. Moreover, there is a lack of evidence as to irreparable harm and for this reason alone should not prosper. Matos v. Clinton Sch. Dist., 367 F.3d 68, 73 (1st Cir. 2004) (*citing* Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 217 F.3d 8 (1st Cir. 2000)) (failure to show irreparable harm is sufficient grounds for denying preliminary relief even if the other requirements of the preliminary injunction standard are met); Freightliner, 399 F.Supp.2d at 77.

For this same reason, the balance of the equities tilts toward defendants. The potential harm to plaintiffs is not irreparable, solely financial, and in fact would consist of economic damages easily recoverable. The harm from not granting the injunctive relief does not outweigh the harm that would be inflicted to defendants. If the relief is granted, plaintiffs will be interfering with defendants alleged contractual obligations, still to be established on the merits, with the federal government to provide refueling

Diaz Aviation Corporation d/b/a Borinquen Air; Sixto Diaz-Saldaña v. PR Ports Authority; Fernando Bonilla;
Federico Sosa Roman; Airport Aviation Services, Inc.; Edwin Santana De La Rosa; Jose Algarin; Rafael Matos
Civil No. 09-1583 (ADC-CVR)
Opinion and Order
Page 8

services at the LMMIA. Still, if injunctive relief is not granted, plaintiffs may recoup from defendants, if they prevail on the merits

### d.   Public Interest.

Finally, the public interest favors defendants inasmuch as defendants claim, and no evidence was brought forward to the contrary by plaintiffs, to have a contract with the United States Government to provide refueling services at the LMMIA.[3]  Thus, the public interest stands in favor of defendants.

### CONCLUSION

In view of the foregoing, this United States Magistrate Judge opines plaintiffs have failed to establish the prerequisites for entitlement to injunctive relief as to tall the prongs for the issuance of such relief. Thus, the Court **DENIES** the request for preliminary injunction.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 2nd day of November 2009.

                                      s/**CAMILLE L. VELEZ-RIVE**
                                      **CAMILLE L. VELEZ-RIVE**
                                      **UNITED STATES MAGISTRATE JUDGE**

---

[3] Mr. Sixto Díaz-Saldaña, while acting as counsel for plaintiffs, admitted that plaintiffs contract expired in March 31, 2002.