IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DIAZ AVIATION CORPORATION D/B/A BORINQUEN AIR,<br>         Plaintiffs,<br><br>     v.<br><br>PUERTO RICO PORTS AUTHORITY; FERNANDO BONILLA; FEDERICO (FRED) SOSA ROMAN; AIRPORT AVIATION SERVICES, INC.; EDWIN SANTANA DE LA ROSA; JOSE ALGARIN; RAFAEL MATOS; ALVARO PILAR; ARNALDO DELEO; EDGAR SIERRA; ERIC GRACIA;<br>         Defendants. | CIVIL NO. 09-1583 (CVR) |

**OPINION AND ORDER**

Pending before this Magistrate Judge is co-defendant Puerto Rico Ports Authority's Motion to Dismiss Amended Complaint Under Fed.R.Civ.P. 12(b)(1) predicated on Eleventh Amendment sovereign immunity, Parker immunity, *res judicata* and immunity under the Local Government Antitrust Act of 1984. Co-defendants Alvaro Pilar, Arnaldo Deleo, Edgar Sierra and Eric Gracia have joined the request if the action was filed in their official capacities. (Docket No. 178).

Plaintiff Díaz Aviation has filed an opposition to the request for dismissal clarifying the co-defendants Pilar, Deleo, Sierra and Gracia were sued in their personal capacities. (Docket No. 180).

**MOTION TO DISMISS STANDARD**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may consider materials outside the pleadings without converting the motion to dismiss into one for

Diaz Aviation Corporation d/b/a Borinquen Air v. Puerto Rico Ports Authority, et al
Civil No. 09-1583 (CVR)
Opinion and Order
Page 2

summary judgment. Fed.R.Civ.P. 12(b)(1) allows a defense to be presented for lack of subject matter jurisdiction, while 12(b)(2) allows same for lack of personal jurisdiction.

To elucidate a motion to dismiss the Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *See* Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n. 2 (1st Cir. 1996) (*quoting* Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). The Court, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss. Abbott, III v. United States, 144 F.3d 1, 2 (1st Cir. 1998) (*citing* Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1216 (1st Cir. 1996)).[1]

## LEGAL DISCUSSION

Co-defendant Puerto Rico Ports Authority seeks dismissal by claiming it should be considered an arm or *alter ego* of the Commonwealth of Puerto Rico and, thus, entitled to Eleventh Amendment immunity. The Puerto Rico Ports Authority provides an analysis of its enabling act, the Commonwealth control over the agency, the nature of its functions, and in general the financial responsibility of the Commonwealth –with the clarification it is liable for some of the Puerto Rico Ports Authority's actions.

---

[1] Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009) (sufficiency of pleadings examined as to qualified immunity under Iqbal).

Diaz Aviation Corporation d/b/a Borinquen Air v. Puerto Rico Ports Authority, et al
Civil No. 09-1583 (CVR)
Opinion and Order
Page 3

**1. Eleventh Amendment.**

Regardless of co-defendant Puerto Rico Ports Authority's averment that it should be considered an *alter ego* or an arm of the Commonwealth of Puerto Rico, the Court of Appeals for the First Circuit and numerous other rulings of this district court have already determined the Puerto Rico Ports Authority is not entitled to Eleventh Amendment immunity under such caveat. This Magistrate Judge reinstates such position herein that the Puerto Rico Ports Authority is not an alter ego of the Commonwealth and, thus, not entitled to Eleventh Amendment protection. *See* Royal Caribbean Corp. v. P.R. Ports Authority, 973 F.2d 8 (1st Cir. 1992) (Ports Authority not an "arm" of the Commonwealth and does not enjoy Eleventh Amendment immunity); Sánchez-López v. Fuentes-Pujols, 247 F.Supp.2d 37 (D. Puerto Rico 2002) vacated on other grounds 375 F.3d 121 (1st Cir. 2004); Canadian Transport Co. v. P.R. Ports Authority, 333 F.Supp. 1295, 1297 (D. Puerto Rico 1971) (P.R. Ports Authority was granted fiscal autonomy); *see also* Orria-Medina v. Metropolitan Bus Authority, 565 F.Supp.2d 285, 320 (D. Puerto Rico 2007).

As such, the Puerto Rico Ports Authority is not entitled to Eleventh Amendment Immunity.

**2. Parker Immunity.**

Co-defendant Puerto Rico Ports Authority has also submitted it is entitled to Parker immunity pursuant to Parker v. Brown,[2] wherein Congress was found not intended for federal anti-trust laws to apply to trade restraints.

---

[2] Parker v. Brown, 317 U.S. 341, 63 S.Ct. 307 (1943).

<u>Diaz Aviation Corporation d/b/a Borinquen Air v. Puerto Rico Ports Authority, et al</u>
Civil No. 09-1583 (CVR)
Opinion and Order
Page 4

As previously discussed by this Magistrate Judge in the report and recommendations adopted as Opinion and Order on July 23, 2010, the <u>Parker</u> doctrine protects the state agencies and instrumentalities when acting pursuant to the sovereign power of the state and also private parties who benefit from the state's antitrust conduct. *See* <u>Hoover v. Ronwin</u>, 466 U.S. 558, 104 S.Ct. 1989, 1995 (1984); <u>Charley's Taxi Radio Dispatch Corp. V. SIDA of Hawaii, Inc.</u>, 810 F.2d 869 (9th Cir. 1987). The action will still be immune from antitrust liability if the entity acted pursuant to a clearly articulated state policy. <u>Town of Hallie v. City of Eau Claire</u>, 471 U.S. 34, 44 (1984). Thus, private parties who are authorized by the state to impose anti-competitive conduct are also covered by <u>Parker</u>. *See* <u>Southern Motor Carriers Rate Conference, Inc. v. United States</u>, 471 U.S. 48, 105 S.Ct. 1721, 1727 (1985); <u>California Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc.</u>, 445 U.S. 97, 100 S.Ct. 937 (1980).

For conduct to be within the state action exemption from antitrust act, the challenged restraint must be one clearly articulated and affirmatively expressed as state policy and policy must be actively supervised by the state itself. The state political subdivision must refer to state statutes showing that state legislature contemplated the kind of action complained of and is to demonstrate by convincing reasoning that challenged restraint is necessary to successful operation of legislative scheme that state as sovereign has established. <u>Corey v. Look</u>, 641 F.2d 32 (1st Cir. 1981).[3]

---

[3] Immunity under the <u>Parker</u> doctrine provides that activities tending to restrain or to monopolize a course of trade are not unlawful under the Sherman Act so long as these are carried in response to a legislative command of a state. Also under the Sherman Act, an employer cannot be held liable for its employees' wrongful actions nor for the criminal acts of an employee committed outside the scope of employment.

Diaz Aviation Corporation d/b/a Borinquen Air v. Puerto Rico Ports Authority, et al
Civil No. 09-1583 (CVR)
Opinion and Order
Page 5

  Co-defendant Ports Authority discusses in this renewed request for dismissal under the Parker immunity that even assuming, without accepting as true, that it indeed carried out concerted actions with private co-defendants in assisting defendant Airport Aviation to procure jet fuel business over plaintiff Díaz Aviation's efforts to obtain same, such conduct is one authorized to carry out in connection with airports. *See* Interface Group, Inc. v. Massachusetts Port Auth., 816 F.2d 9 (1st Cir. 1987).

  However, in Rectrix Aerodome Centers, Inc. v. Barnstable Mun.Airport Com'n, 534 F.Supp.2d 201 (D. Mass. 2008), in analyzing Parker application, the court distinguished Interface Group doctrine above discussed when relying on a situation where there was no allegation that the defendant had conspired with a private party to plaintiff's detriment. *See* Cedarhurst Air Charter, Inc. v. Waukesha County, 110 F.Supp.2d 891 (E.D.Wis.2000). In that case, the plaintiff airline sued the county for conspiring with a FBO to give the FBO an exclusive right to sell jet fuel at the airport. The FBO in question managed and operated the airport under a contract with the county. *See Id. at 892.* The court ruled that there was no clearly articulated Wisconsin state policy authorizing anti-competitive conduct by an airport commission. *Id. at 893.*

  The Puerto Rico Ports Authority has claimed the actions alleged, taken as true for purposes of discussion only, were a foreseeable result of what the Commonwealth had authorized the Puerto Rico Ports Authority and its officers to do in connection with airports, which should be considered contemplated not on a specific regulation regarding jet fuel sale but a more general guideline of developing and improving, owning and

Case 3:09-cv-01583-CVR   Document 188   Filed 07/27/10   Page 6 of 11

Diaz Aviation Corporation d/b/a Borinquen Air v. Puerto Rico Ports Authority, et al
Civil No. 09-1583 (CVR)
Opinion and Order
Page 6

operating and managing any and all types of air and marine transportation facilities and services. The same authority is expected to be construed from the general provision that the Puerto Rico Ports Authority is granted all rights and powers that are necessary and convenient.

However, such general contention in the provisions of the Commonwealth of Puerto Rico may not be so loosely construed as to defeat anti-trust limitations. Neither would the sale of jet fuel in the instant case, or any other sale of merchandise or commodity, by a third party in the premises of airport/port facilities would necessarily be considered as generally encompassed in the rules and regulations for the use of an airport facility that would immunize from anti-trust liability, without more, everything and whatever may be determined to be of use at an airport terminal.

Thus, as previously determined, the Parker immunity is not allowed, at this juncture, for dismissal of the Sherman Act claims against co-defendant Puerto Rico Ports Authority, nor the joining co-defendants on this issue.

### 3.  Res judicata.

Co-defendants have reiterated their averment that dismissal would be appropriate under *res judicata* grounds. Plaintiff Díaz Aviation had filed a prior case in this federal court. *See* Díaz Aviation Corp., et al. v. P.R. Ports Authority, et. al, Civil No. 08-1261 (JP), referred as Díaz Aviation I, which was dismissed with prejudice. The previous judgment pursuant to the Opinion and Order issued on January 7, 2009, in Civil No. 08-1261 (JP), dismissed with prejudice plaintiffs Díaz Aviation's claims: (1) pursuant to Articles II and VI of the United States Constitution; (2) claims brought pursuant to the Robinson-Patman

Price Discrimination Act, 15 U.S.C. § 13; (3) Fifth Amendment Takings Clause claims; (4) claims pertaining to eviction proceedings already taking place in state court, and (5) claims under the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq*. The court also dismissed, without prejudice, plaintiffs' Puerto Rico law claims. All these claims were related to defendant Puerto Rico Ports Authority.

Regarding the Sherman Act violation against the Puerto Rico Ports Authority, the Court in Civil No. 08-1261 (JP) stated the former complaint failed to state a claim for relief under the Sherman Act which was plausible on its face. For said reason, this Magistrate Judge previously determined (Docket Nos. 99 and 100, of January 1, 2010),[4] that the preclusive effect of the previous case in Civil No.08-1261 (JP) was solely as to co-defendant Puerto Rico Ports Authority and as to its finding plaintiff had failed to plead interstate commerce, a requisite for the Sherman Act claim to be presented not as to the merits of a Sherman Act violation.

Thus, it has been previously found the Opinion and Order issued by Hon. Jaime Pieras as to the Sherman Act was limited to finding plaintiff had failed to plead interstate commerce, a requisite for the Sherman Act claim to be presented not as to the merits of a Sherman Act violation. Neither did said opinion rule there was no Sherman Act violation as to the defendant P.R. Ports Authority, merely that it has not been adequately pleaded.

---

[4] These Reports and Recommendations were adopted as Opinions and Orders upon the parties' consent on July 23, 2010. See Docket Nos. 182, 155 and 164.

A dismissal for lack of subject matter jurisdiction does not trigger claim preclusion. *See* Muñiz Cortés v. Intermedics, Inc., 229 F.3d 12, 14 (1st Cir. 2000); Dávila v. Delta Air Lines, Inc., 326 F.3d 1183, 1188 (1st Cir. 2003).[5]

*Res judicata* means that a final judgment by a court of competent jurisdiction is conclusive upon the parties in a subsequent litigation involving the same cause of action and bars relitigation of any issue that might have been raised I respect to the subject matter of the prior litigation. Dennis v. R.I. Hosp. Trust Nat'l Bank, 744 F.2d 893, 899 (1st Cir. 1984). It requires as essential elements to apply res *judicata* doctrine that there is **(1) a final judgment on the merits in an earlier action;** (2) identity of the parties or privies to the two lawsuits; and (3) identify of the cause of action on both the earlier and the later suits. Kale v. Combined Insurance Co. of America, 924 F.2d 1161, 1165 (1st Cir.), *cert. denied*, 112 S.Ct. 69 (1991) (emphasis supplied).

Thus, since as previously determined, there was no determination on the merits regarding a Sherman Act claim as to co-defendant Puerto Rico Ports Authority, *res judicata* does not fit into this renewed request for dismissal and the request for dismissal on such grounds has no merit.

**4. Local Government Antitrust Act of 1984.**

Co-defendants further submit the Puerto Rico Ports Authority should fit into the definition of local government which divests a cause of action for anti-trust violation under

---

[5] 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4436 (2d ed.2008) (Although a dismissal for lack of jurisdiction does not bar a second action as a matter of claim preclusion, it does preclude relitigation of the issues determined in ruling on the jurisdiction question.).

Diaz Aviation Corporation d/b/a Borinquen Air v. Puerto Rico Ports Authority, et al
Civil No. 09-1583 (CVR)
Opinion and Order
Page 9

the Local Government Antitrust Act ("LGAA"), Title 15, United States Code, Sections 35-36 (1988).[6] Said provision precludes Courts from awarding damages, interest on damages, costs or attorney's fees in actions under the antitrust laws against any local government or official or employee acting in an official capacity.

First and foremost, the Puerto Rico Ports Authority has been determined not to be an *alter ego* or arm of the Commonwealth for which its actions are not fully attributed to acts of the state legislature or the executive government protected under Parker as state action protected even if anti-competitive. Neo Gen Screening, Inc. v. New England Newborn Screening Program, 187 F.3d 24 (1st Cir. 1999) (creation of effective monopoly by emergency regulation issued by the Department of Public Health of newborn screening constituted state action immune from Sherman Act).

Besides the general provisions and enabling laws cited by the Puerto Rico Ports Authority in support of antitrust immunity, it is not required any clear articulation or expression in its legislative history the Puerto Rico Ports Authority is being authorized by state law to sell fuel, fix and collect fees thereunder to support its operations or any other clearly expressed state policy regarding aviation fuel. Where the action complained of was that of the State itself, the action is exempt from antitrust liability regardless of the State's motives in taking the action.[7] Rectrix Aerodome Centers Inc. v. Barnstable Mun.Airport

---

[6] "No damages, interest on damages, costs, or attorney's fees may be recovered under section 15, 15a, or 15c of this title from any local government, or official or employee thereof acting in an official capacity." 15 U.S.C. § 35.

[7] Puerto Rico is fundamentally an unincorporated territory, still subject to Art. IV, § 3, cl. 2 of the Constitution, The people of Puerto Rico have entered into a compact with the Congress by which Puerto Rico has its own constitution and is called a "commonwealth". *See* Statement of the Hon. Elton Gallegly, June 26, 1996, *available in* WESTLAW, US

Diaz Aviation Corporation d/b/a Borinquen Air v. Puerto Rico Ports Authority, et al
Civil No. 09-1583 (CVR)
Opinion and Order
Page 10

Com'n, ___F.3d___, 2010 WL 2510163 (1st Cir. 2010). Even in the absence of an articulated state public policy, one may easily be foreseen from its enabling act for purposes of the LGAA which is to be given a broader meaning than Parker. The general public interest is also perceived by the Puerto Rico Ports Authority as predicated by the state Aeronautical Activities Act as to the operation, maintenance and protection of the airports for the public safety as one also encompassing flammable jet fuel and quality standards thereof that would could hinder competition between providers towards said goal, as well as its authority to levy taxes and collect fees from suppliers of aviation fuel at the airport may be sufficient to grant immunity under LGAA in the absence of state action nor as an implied antitrust immunity.

In conclusion, the Puerto Rico Ports Authority's request for dismissal under the implied LGAA immunity is warranted from Sherman Anti-Trust actions. Similarly, those defendants, who in the performance of their duties, that is, while acting in their official capacities, caused the co-defendant Ports Authority's actions to be carried out, are also allowed protection under the LGAA. *See* GF Gaming Corp. v. City of Black Hawk, Colo., 405 F.3d 876 (10th Cir. 2005).

---

TESTIMONY library, 1996 WL 374770 (during committee markup of H.R. 3024, the United States-Puerto Rico Status Act, Gallegly stated, "The 'Commonwealth' choice in the bill now accurately describes the current Commonwealth status as a territory, which is not permanent, and cannot guarantee equal benefits and rights for the people of Puerto Rico. Congress retains discretion under the Constitution's Territory Clause as to what laws apply to Puerto Rico.

In light of the above discussed, the dismissal of the Sherman Act claims is considered appropriate as to all defendants herein, including co-defendant Puerto Rico Ports Authority for the surviving federal antitrust claims are barred by Title 15, United States Code, Sections 35-36.[8]

## CONCLUSION

In view of the foregoing, the request for dismissal of the Amended Complaint as to the appearing co-defendants Puerto Rico Ports Authority, Alvaro Pilar, Arnaldo Deleo, Edgar Sierra and Eric Gracia is GRANTED. (Docket No. 178).[9]

Judgment to be entered accordingly.

San Juan, Puerto Rico, this 27th day of July of 2010.

          S/CAMILLE L. VELEZ-RIVE
          CAMILLE L. VELEZ-RIVE
          UNITED STATES MAGISTRATE JUDGE

---

[8] Unincorporated territories and their agencies are treated in the same way as state when analyzing immunity from liability under antitrust laws.

[9] The only defendants who still remain in the case are the private defendants, namely, Airport Aviation, Edwin Santana and the Santana's co-defendants Jose Algarín and Rafael Matos. However, upon request, dismissal may be extended to Fernando Bonilla, who did not move for dismissal, but since he was the former Executive Director of the Puerto Rico Ports Authority dismissal may be appropriate under the LGAA provision as above discussed. As to co-defendant Federico Sosa-Roman, who was the Manager of the International Airport, who did not request dismissal, it must be clarified who appoints him and under what agency he performs his duties. If it is the Puerto Rico Ports Authority, then dismissal may also be appropriate, upon request, under the LGAA.