IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DIAZ AVIATION CORPORATION D/B/A
BORINQUEN AIR,

    Plaintiffs,

v.

AIRPORT AVIATION SERVICES, INC.;
EDWIN SANTANA DE LA ROSA; JOSE
ALGARIN; RAFAEL MATOS,

    Defendants.

CIVIL NO. 09-1583 (ADC/CVR)

**OPINION AND ORDER**

**INTRODUCTION**

On December 30, 2010, co-defendants Airport Aviation Corp., José Algarín and Rafael Matos filed a Second Motion to Dismiss Amended Complaint. (Docket No. 224). Above co-defendants have once more requested dismissal of the surviving Sherman Act claim on most of the same grounds already raised, discussed and disposed by this Court. *See* Report and Recommendation issued on April 7, 2010 (Docket No. 155) and the Opinion and Order of July 23, 2010 (Docket No. 182). Thus, the arguments now raised by these co-defendants in support of the request for dismissal which were part of the previous discussion of this court in its Opinion and Order need not be further delved herein.

Succinctly, dismissal was previously denied to these co-defendants under Fed.R.Civ.P. 12(b)(6), Parker doctrine immunity (Parker v. Brown, 317 U.S. 341 (1943)), res

judicata/claim preclusion and pendent state law. Dismissal was allowed as to all defendants, including herein co-defendants, of RICO claims in the Amended Complaint.[1]

Defendants Airport Aviation, Algarín and Matos now argue the surviving Sherman Act claim in the Amended Complaint as to them should be dismissed for being representatives, directors, officers or employees of the one defendant corporation, Airport Aviation, the Sherman Act claim cannot survive when other co-defendants, state actors, were dismissed on immunity provided to them by the provisions of Local Government Antitrust Act ("LGAA"), Title 15, United States Code, Sections 35-36 (1988). As a result of said dismissal of state actors, the individual co-defendants herein --Airport Aviation, and its director, officers, representatives and/or employees, respectively, that is, co-defendants Algarín and Matos-- argue they could not be considered as having conspired with their own corporation, Airport Aviation.

On January 7, 2011, plaintiff Diaz Aviation Corporation filed its response in opposition. (Docket No. 225).

**MOTION TO DISMISS STANDARD**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may consider materials outside the pleadings without converting the motion to dismiss into one for summary judgment.[2] Still, under Section 12 (b)(2) "a complaint should not be dismissed

---

[1] Co-defendants Airport Aviation Corp., José Algarín and Rafael Matos have further submitted that, although being private individuals, they should be entitled to state-action immunity under Parker and/or under LGAA. The Parker immunity defense raised herein was already object of a prior Opinion and Order and had been denied both as to the state and private co-defendants. *Docket Nos. 100, 156 and 182.*

[2] Fed.R.Civ.P. 12(b)(1) allows a defense to be presented for lack of subject matter jurisdiction, while 12(b)(2) allows same for lack of personal jurisdiction.

Diaz Aviation Corp., v. Airport Aviation Services, et al
Civil No. 09-1583 (CVR)
Opinion and Order
Page No. 3

for failure to state a claim unless it appears ... that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See* Bell Atlantic Corp. v. Twonbly, 550 U.S. 544, 127 S.Ct. 1955 (2007) (clarifying former parameters of Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957)); *see* Miranda v. Ponce Fed. Bank, 948 F.2d 41 (1st Cir. 1991); *see also* Rodriguez-Ortíz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007). No heightened fact pleading of specifics is required but only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic, 127 S.Ct. at 1974. The Supreme Court recently issued an opinion that changes the standard for a motion to dismiss so that plaintiffs will now have to include more information in their pleadings if they want to survive a 12(b)(6) motion. The case is Bell Atlantic, 127 S. Ct. at 1969 and its progeny Ashcroft v. Iqbal, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (detainee's complaint failed to plead sufficient facts to state claim for purposeful and unlawful discrimination).[3] The First Circuit addressed the new standard in Rodriguez-Ortíz, 490 F.3d at 94-95.

To elucidate a motion to dismiss the Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery

---

[3] To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw *the reasonable inference* that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *See* Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (*emphasis added*); *see* Cunningham v. National City Bank, 588 F.3d 49 (1st Cir. 2009).

Diaz Aviation Corp., v. Airport Aviation Services, et al
Civil No. 09-1583 (CVR)
Opinion and Order
Page No. 4

under some actionable theory." *See* Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n. 2 (1st Cir. 1996) (*quoting* Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). The Court, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss. Abbott, III v. United States, 144 F.3d 1, 2 (1st Cir. 1998) (*citing* Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1216 (1st Cir. 1996)).[4]

Similarly under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, the factual statements of the complaint are considered true, indulging every reasonable inference helpful to plaintiffs' cause. However, the tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions and mere recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Iqbal 129 S.Ct. at 1949.

**LEGAL DISCUSSION**

Co-defendants Airport Aviation, Algarín and Matos have requested dismissal of the Amended Complaint on several grounds that need not be further discussed herein since these are a recasting of this Court's previous ruling.[5] Thus, this Opinion and Order is limited to the non-existence of a Sherman Act conspiracy of co-defendants with their own corporation, Airport Aviation upon being but employees, director and/or representatives of co-defendant corporation after other state actor co-defendants were dismissed.

---

[4] Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009) (sufficiency of pleadings examined as to qualified immunity under Iqbal).

[5] 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4436 (2d ed.2008) (Although a dismissal for lack of jurisdiction does not bar a second action as a matter of claim preclusion, it does preclude relitigation of the issues determined in ruling on the jurisdiction question.).

The Amended Complaint made reference to an alleged conspiracy and violation of the Sherman Act by above co-defendants, together with the co-defendant P.R. Ports Authority and others, regarding interference with commerce and antitrust. As to claims of interference with commerce and the alleged conspiracy, it is also claimed that co-defendant Airport Aviation and its representatives, as well as those of the P.R. Ports Authority, had taken concerted action to interfere with the sale of fuel to military aircrafts at the airport on numerous occasions, which are further itemized in the Amended Complaint. These interferences with particular clients in need of fueling at the airport already being serviced by plaintiff Díaz Aviation is based on the representation that co-defendant Airport Aviation holds an exclusive contract to supply fuel to the Armed Forces, which at other times co-defendant's own legal representative has acknowledged said contract is non-exclusive, as would be the practice for military contracts. The P.R. Ports Authority is claimed to have assisted in enforcing those claims of co-defendant Airport Aviation against plaintiff Díaz Aviation by several means, including employees being present at instances when plaintiff Díaz Aviation is carrying out the sale of fuel to military aircrafts to hinder the service, being confrontational with plaintiff's employees to provide a pretext for the P.R. Ports Authority to evict plaintiff under a safety caveat, and ignoring plaintiff's request to keep co-defendant Airport Aviation away from plaintiff's operations. *Amended Complaint ¶¶ 18, 19-21, 24-25, 26, 28-29, 30.* Defendant Airport Aviation has also faxed/e-mail plaintiff (sent by co-defendant Arnaldo Deleo present Director of the P.R. Ports Authority and manager of the airport) prohibiting plaintiff from delivering fuel on October 24, 2009, to an airplane of the Armed Forces. *Id. ¶30.* Defendant Airport Aviation also sent plaintiff a letter on June 8,

2009, through its legal representative Guillermo F. De Guzmán, Esq., on the alleged exclusivity of the fuel sales contract of co-defendant Airport Aviation with the Armed Forces. *Amended Complaint ¶28*.

Furthermore, on October 23, 2009, while plaintiff Díaz Aviation was servicing an Air Force aircraft, it received a call from P.R. Ports Authority, through Mr. Gil Rosario, Assistant to co-defendants Alvaro Pilar and Arnaldo Deleo. Thereafter, on October 24, 2009, after receiving information on the previous day as to plaintiff's e-mail address and fax number, these co-defendants sent a fax to plaintiff Díaz Aviation forbidding the delivery of fuel to any airplane of the Armed Forces, indicating plaintiff had no fueling permit and was interfering with the contract of co-defendant Airport Aviation with the Armed Forces, as the latter were the only ones authorized to service these aircrafts upon previous complaints that plaintiff Díaz Aviation was interfering with fueling activities. *Id. ¶¶31-32*. That same day, employees of the P.R. Ports Authority removed individual permit decals from plaintiff's fueling trucks to expel them from the ramps of the airport. *Id. ¶33*. Upon state court proceedings, the trucks were ordered back at the ramp to sell fuel on November 4, 2009. *Amended Complaint ¶37*. The P.R. Ports Authority then determined to reinspect the insurance policy which had been on place for years and of which it previously held copy, however, stating it had been able to find its copy. *Id. ¶38*. Upon being provided with another copy, the P.R. Ports Authority then claimed on November 5, 2009, the policy only covered fueling not the trucks, which upon contact with plaintiff's insurance broker were

determined to be covered. *Id. ¶¶39-40*. The P.R. Ports Authority then determined plaintiff's trucks had to be re-inspected even though these were inspected just a month before. *Id. ¶41*.

The Amended Complaint submits the Director of Operations at the airport, Mr. Eric Gracia and his assistant, went to plaintiff's facilities on January 20, 2010, while servicing an Air Force airplane and indicated the plane was parked illegally and requested to take the airplane out of the ramp. Having taken the airplane some 200 feet out of plaintiff's ramp, a telephone call from Mr. Arnaldo Deleo of Ports Authority required plaintiff not to continue selling fuel and interfering with the Santana's contract. *Id. ¶¶51-52*. Another situation arose on February 1, 2010, when the Ports Authority required another airplane to be moved from plaintiff's facilities. *Id. ¶54*. The following day, individuals and a fueling truck from Airport Aviation attempted to have the aircraft pilot to receive its fuel from co-defendant Airport Aviation and not from plaintiff Díaz Aviation. *Amended Complaint ¶¶55-56*. These several instances of concerted actions by co-defendants Airport Aviation and the P.R. Ports Authority were included in the Amended Complaint to establish grounds for an interference with commerce and antitrust claim under the Sherman Act and the concerted actions between the co-defendants.[6]

Section 1 of the Sherman Act prohibits "[e]very contract, combination ... or conspiracy, in restraint of trade or commerce." 15 U.S.C. § 1. There are two (2) prerequisites

---

[6] Unfair competition is still competition and will be actionable under antitrust laws where a defendant with substantial market power uses unfair means to increase its share of market by eliminating a competitor, thereby creating risk of a monopoly.

for a successful Sherman Act, Section 1 claim. First, there must be concerted action. Monsanto Co. v. Spray-Rite Serv. Corp., 465 U.S. 752, 761, 104 S.Ct. 1464 (1984); Podiatrist Ass'n, Inc. v. La Cruz Azul de Puerto Rico, Inc., 332 F.3d 6, 12 (1st Cir. 2003). Second, the actors' agreement must involve either restrictions that are per se illegal or restraints of trade that fail scrutiny under the rule of reason. Monsanto, 465 U.S. at 761, 104 S.Ct. 1464; Podiatrist Ass'n, 332 F.3d at 12. *See* Euromodas, Inc. v. Zanella, Ltd., 368 F.3d 11 (1st Cir. 2004).

The Court of Appeals for the First Circuit held sufficient a complaint which alleged a conspiracy to restrain the interstate trade of the plaintiff and to destroy its trade. *See* Mitchell Woodbury Corp. v. Albert Pick-Barth Co., 41 F.2d 148, 151 (1st Cir. 1930); *see also* Atlantic Heel Co. v. Alied Heel Co., 284 F.2d 879 (1st Cir. 1960) (complaint which alleged that defendants conspired to restrain plaintiff in its interstate business and to destroy plaintiff in its business, by improper competition, to the detriment of the public, stated a claim under the Sherman Act). A conspiracy to eliminate selling competition, necessarily restricting a plaintiff's liberty to engage in business, is unlawful restraint of interstate trade and commerce under the Sherman Antitrust Act. Title 15, United States Code, Sections 1-7, 15. *See* Ballard Oil Terminal Corp. v. Mexican Petroleum Corp., 28 F.2d 91 (1st Cir. 1928).

Plaintiff's Amended Complaint has raised numerous acts in support of its Sherman Act claims, which are to be considered true under a motion to dismiss standard. At the level

of a motion to dismiss, the factual predicate for a Sherman Act claim as to co-defendants submitted with the Amended Complaint should seem sufficient. As such, the request for dismissal is not appropriate.[7]

That some other co-defendants were dismissed from the conspiracy under particularized legal contentions, as to state defendants under LGAA provisions immunity, would not assist private co-defendants Airport Aviation, Algarín and Matos. In penal law, the dismissal of charges as to one co-conspirator, does not deprive the Court of jurisdiction for the offense as to the remaining co-defendants nor changes the scenery as to the remaining co-defendant in the case to be considered as having conspired with himself/herself.[8] A co-defendant's charges in a conspiracy may be well dismissed for being time-barred or any available defense to said co-defendant, such as, having timely withdrawn from the conspiracy, which is not applicable to these co-defendants Airport Aviation, Algarín and Matos. In any event, the legal scenario to be considered is the one that existed at the time of the events charged or alleged, not at the time the Court rules on the motion to dismiss.

---

[7] As previously discussed in the Opinion and Order, conspiracy claims, contrary to fraud or mistake under Fed.R.Civ.P. 9(b), are to be measured under the more liberal pleading requirements of Rule 8(a), although requiring a factual basis for finding of a conscious agreement between the co-defendants.

[8] Dismissal of a conspiracy charge against other alleged co-conspirators did not undermine defendant's conviction nor preclude proof the defendant conspired with the same alleged dismissed co-defendant. United States v. Lopez, 944 F.2d 33 (1st Cir. 1991). Even the acquittal of an alleged co-conspirator does not requires –under the rule of consistency raised– that other alleged co-conspirator on same charge and on same trial be acquitted. *See also* United States v. Pratt, 933 F.2d 982, 992 (1st Cir. 1990)

## CONCLUSION

In view of the above discussed, the Second Motion to Dismiss filed by co-defendants Airport Aviation Services, Inc., José Algarín and Rafael Matos (Docket No.224) is DENIED.

San Juan, Puerto Rico, this 20th day of January of 2011.

                              S/CAMILLE L. VELEZ-RIVE
                                CAMILLE L. VELEZ-RIVE
                                UNITED STATES MAGISTRATE JUDGE